UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALRICO D PERKINS,<br><br>        Plaintiff,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br><br>        Defendant. | Case No.: 24-CV-226 TWR (MSB)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1406**<br><br>(ECF No. 1) |

  Presently before the Court is Plaintiff Alrico D. Perkins' Complaint for Damages for Violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, *et seq.* (ECF No. 1, "Compl."). Plaintiff alleges that venue is proper in this District pursuant to 28 U.S.C. § 1391 because "the acts and transactions occurred here, Plaintiff resides in the state of California as defined under 28 U.S.C. § 1391(c)(2) based upon information and belief, and Defendants transact business here."[1] (*Id.* ¶ 4.) Plaintiff further alleges that Defendant is a

---

[1] The reference to "Defendants" appears to be a typo, as there is only one named Defendant. (*See generally* Compl.)

1

New York limited liability company with a registered agent for service of process in Glendale, California.  (*Id.* ¶ 6.)  As the Complaint fails to include any non-conclusory allegations pertaining to venue, it appears that venue in this District may be improper.

Improper venue may be raised by a court *sua sponte* where a responsive pleading has not yet been filed and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  As relevant to this action,

> [a] civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075–76 (9th Cir. 2001) (concluding venue was proper in Fair Credit Reporting action where plaintiff suffered harm).  For purposes of § 1391(b)(1), entities that can sue or be sued in their own names, such as corporations and limited liability companies, are "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  28 U.S.C. § 1391(c)(2).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Here, although Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391, the Complaint is void of any specific, non-conclusory allegations showing that "a substantial part of the events or omissions giving rise to the claim" occurred in this District, and there are few allegations pertaining to this Court's personal jurisdiction.  (*See generally* Compl.)  Moreover, while Plaintiff's residence is irrelevant for purposes of § 1391(c)(2), because Plaintiff fails to allege where in California he resided when the alleged injuries occurred, the Court cannot determine if venue, indeed, is proper in this District or if it

would be more appropriate to transfer this action to another District.  (*See* Compl. ¶¶ 4, 8–10.)  Nor does Plaintiff's allegation that Defendant is a "New York Limited Liability Company" (Compl. ¶ 6), permit the Court to infer to which of the U.S. District Courts in New York the action appropriately may be transferred.  In the complete absence of specific venue allegations, the Court harbors doubts that venue is proper here.

Accordingly, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** within fourteen (14) days of the date this Order is electronically docketed why the action should not be dismissed or transferred for improper venue pursuant to 28 U.S.C. § 1406(a).  Plaintiff's response **SHALL NOT EXCEED** five (5) pages.  To the extent Plaintiff intends to reply upon 28 U.S.C. § 1391(b)(2) as the basis for venue, Plaintiff must identify specific facts that would support venue in this District.  To the extent Plaintiff intends to rely upon Defendant's residency as the basis for venue under 28 U.S.C. § 1391(b)(1), Plaintiff must address the applicability of 28 U.S.C. §§ 1391(c)(2) and 1391(d).  Alternatively, Plaintiff may identify sufficient facts supporting venue in another federal court and request that the action be transferred to that District.

**IT IS SO ORDERED.**

Dated: February 6, 2024

_____
Honorable Todd W. Robinson
United States District Judge